**FILED**

**JANUARY 29, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ADNAN BADZOVIC, | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| vs. | ) | Judge |
| | ) | Magistrate Judge |
| CITY OF CHICAGO, | ) | |
| Chicago Police Officers | ) | |
| STEVE LIARAKOS, Star 17454, | ) | Jury Demand |
| BRIAN MURPHY, Star 10079, and | ) | |
| Unknown Chicago Police Officer | ) | |
| John Doe | ) | |
| | ) | |
| Defendants. | ) | |

**08 C 625**

**JUDGE MANNING**
**MAGISTRATE JUDGE VALDEZ**

## COMPLAINT

1.      This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

2.      Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4.      Plaintiff is a resident of Chicago, Illinois.

5.      Defendant police officers are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

6.      The Defendant-Officers are sued in their individual capacities.

7.      The CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

### Facts

8.      On January 8, 2008, Defendants LIARAKOS and MURPHY went to Plaintiff's home at 4447 North Hamlin in Chicago.

9.      The Defendant-Officers went to Plaintiff's home with Victoria, the mother of Plaintiff's children. Victoria had asked the Defendant-Officers to go with her to Plaintiff's home.

10.     Plaintiff and Victoria have two children, Jesus and Aaiyha.

11.     When Victoria and the Defendant-Officers arrived, they went the back porch of Plaintiff's home, and Victoria knocked on the door.

12.     Plaintiff was not home when Victoria knocked on the door.

13.     Plaintiff's mother, Ramiza Badzovic, answered the door.

14.     Victoria asked Ramiza to give her Jesus and Aaiyha.

15.     Ramiza, Jesus and Aaiyha, along with Plaintiff's dog, Missy, came outside on the back porch where Victoria was standing.

16.     Plaintiff raised Missy since she was a puppy.

17.     Missy was sitting next to Ramiza and Victoria on the porch.

18.     Jesus and Aaiyha were standing behind Ramiza.

19.     Defendants LIARAKOS and MURPHY were also standing on the porch.

20.     Missy barked.

21.     Defendant-Officers shot Missy.

22.     Missy did not present a danger to the Defendant-Officers or any other individual.

23.     Defendant-Officers shot Missy approximately seven times.

24.     Missy died from the gun-shot wounds.

25.     Each individual Defendant-Officer acted willfully, wantonly, maliciously, oppressively, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

26.     As a direct and proximate result of the acts of the Defendants described above, Plaintiff has suffered and continues to suffer damages including emotional distress, mental anguish and humiliation, and special damages including expenses for his dog.

## COUNT I
### (42 U.S.C. § 1983 – Unreasonable Seizure)

27.     Plaintiff realleges paragraphs 1 through 26 as if fully set forth herein.

28.     Defendant-Officers shot Missy.

29.     Defendant-Officers did not have any legal justification to seize Missy.

30.     The actions of Defendant-Officers in seizing Missy without any legal justification

violated the Fourth Amendment's prohibition of unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)    Enter judgment against Defendant-Officers;

b)    Award compensatory and punitive damages, as determined at trial;

c)    Award attorneys' fees and costs;

d)    Award such other and additional relief that this Honorable Court deems just and
equitable.

## COUNT II
### (Humane Care for Animals Act)

31.    Plaintiff realleges paragraphs 1 through 26 as if fully set forth herein

32.    Plaintiff was the owner of Missy.

33.    Defendant-Officers shot Missy approximately seven times.

34.    Missy was not a danger to the Defendant-Officers or any other individual.

35.    Missy died from the gun-shot wounds.

36.    Defendant-Officers intentionally committed an act that caused Missy to suffer
serious injury and death in violation of the Section 3.02 of the Humane Care for Animals Act
(510 ILCS 70/1 et seq.) which prohibits Aggravated Cruelty to Animals.

WHEREFORE, pursuant to Section 16.3 of the Humane Care for Animals Act, Plaintiff
asks that this Honorable Court:

a)    Enter judgment against Defendant-Officers,

b)    Award compensatory damages as determined at trial,

c)    Award punitive damages,

c)    Award attorneys' fees and costs,

d)    Award any additional relief that this Honorable Court deems just and equitable.

## COUNT III
### (State Law *Respondeat Superior* Claim)

37.    The acts of the Defendant-Officers described in the above state law claim were
willful and wanton, and committed in the scope of employment.

38.    Pursuant to *respondeat superior*, Defendant CITY OF CHICAGO is liable for its
agents' actions.

3

WHEREFORE, Plaintiff demands judgment against Defendant CITY OF CHICAGO, and such other and additional relief that this Honorable Court deems just and equitable.

## COUNT IV
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

39.    The acts of the individual Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

40.    Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the actions of the Defendant-Officers.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF CHICAGO to indemnify the Defendant-Officers for any judgment entered in this case arising from their actions.


**Plaintiff demands trial by jury**


Respectfully submitted,


/s/ Louis J. Meyer
*Counsel for the Plaintiff*


Lawrence V. Jackowiak
Louis J. Meyer
Daniel P. Kiss
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595