UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ADNAN BADZOVIC, | ) | |
| | ) | |
| Plaintiff, | ) | No. 0 8 C 625 |
| | ) | |
| vs. | ) | |
| | ) | Judge Manning |
| CITY OF CHICAGO, | ) | |
| Chicago Police Officers | ) | Magistrate Judge Valdez |
| STEVE LIARAKOS, Star 17454, | ) | |
| BRIAN MURPHY, Star 10079, and | ) | |
| Unknown Chicago Police Officer | ) | Jury Demand |
| John Doe | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Officers Steve Liarakos and Brian Murphy, by their attorney, Mary S. McDonald, Assistant Corporation Counsel, and the City of Chicago, by its attorney, Mara S. Georges, Corporation Counsel, hereby submit the following answer to Plaintiff's complaint, affirmative defenses, 12(b)(6) defenses and jury demand[1] as follows:

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

**ANSWER:** Defendants admit this actions is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendment to the United States Constitution, but deny any wrongful or illegal conduct.

2. Jurisdiction for Plaintiffs federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiffs state claims is based on supplemental jurisdiction pursuant to 28U.S.C. § 1367(a).

**ANSWER:** Defendants admit that jurisdiction is proper, but deny any wrongful or illegal conduct.

---

[1]This answer is made on behalf of Defendants Steve Liarakos, Brian Murphy and City of Chicago. These Defendants make no answer on behalf of any other defendants now named in this cause or any unserved and/or unknown defendants.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

**ANSWER:** Defendants admit that venue is proper, but deny any wrongful or illegal conduct.

### Parties

4. Plaintiff is a resident of Chicago, Illinois.

**ANSWER:** Based upon information and belief, Defendants admit the allegations of this paragraph.

5. Defendant police officers are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

**ANSWER:** Defendants admit the allegations contained in this paragraph, but deny any wrongful or illegal conduct.

6. The Defendant-Officers are sued in their individual capacities.

**ANSWER:** Defendants admit the allegations contained in this paragraph, but deny any wrongful or illegal conduct.

7. The CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

**ANSWER:** Defendants admit the allegations contained in this paragraph, but deny any wrongful or illegal conduct.

### Facts

8. On January 8, 2008, Defendants LIARAKOS and MURPHY went to Plaintiff's home at 4447 North Hamlin in Chicago.

**ANSWER:** Defendants Liarakos and Murphy admit on January 8, 2008, they went to Plaintiff's home at or about 4449 N. Hamlin, Chicago, IL, but deny any wrongful or illegal conduct. The City lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in this paragraph.

9.　　The Defendant-Officers went to Plaintiffs home with Victoria, the mother of Plaintiff's children. Victoria had asked the Defendant-Officers to go with her to Plaintiff's home.

**ANSWER:**　　Defendants Liarakos and Murphy admit that they went to Plaintiff's home but deny that they went with Victoria. Answering further, Defendant Officers admit that Victoria asked the Defendant Officers to go with her to Plaintiff's home to get her keys and children. The City lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in this paragraph.

10.　　Plaintiff and Victoria have two children, Jesus and Aaiyha.

**ANSWER:**　　Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations contained in this paragraph.

11.　　When Victoria and the Defendant-Officers arrived, they went the back porch of Plaintiff's home, and Victoria knocked on the door.

**ANSWER:**　　Defendants Liarakos and Murphy admit that they went to the back porch of Plaintiff's home but deny the remaining allegations of this paragraph. The City lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in this paragraph.

12.　　Plaintiff was not home when Victoria knocked on the door.

**ANSWER:**　　Defendants Liarakos and Murphy admit that Plaintiff was not home but deny that Victoria knocked on the door. The City lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in this paragraph.

13.　　Plaintiff's mother, Ramiza Badzovic, answered the door.

**ANSWER:**　　Defendants Liarakos and Murphy deny the allegations of this paragraph. The City lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in this paragraph.

14.　　Victoria asked Ramiza to give her Jesus and Aaiyha.

**ANSWER:**　　Defendants Liarakos and Murphy deny the allegations of this paragraph. The City

lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in this paragraph.

15. Ramiza, Jesus and Aaiyha, along with Plaintiffs dog, Missy, came outside on the back porch where Victoria was standing.

**ANSWER:** Defendants Liarakos and Murphy deny the allegations of this paragraph. The City lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in this paragraph.

16. Plaintiff raised Missy since she was a puppy.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of falsity of the allegations of this paragraph.

17. Missy was sitting next to Ramiza and Victoria on the porch.

**ANSWER:** Defendants Liarakos and Murphy deny the allegations of this paragraph. The City lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in this paragraph.

18. Jesus and Aaiyha were standing behind Ramiza.

**ANSWER:** Defendants Liarakos and Murphy deny the allegations of this paragraph. The City lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in this paragraph.

19. Defendants LIARAKOS and MURPHY were also standing on the porch.

**ANSWER:** Defendants Liarakos and Murphy admit the allegations of this paragraph, but deny any wrongful or illegal conduct. The City lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in this paragraph.

20. Missy barked.

**ANSWER:** Defendants Liarakos and Murphy admit the allegations of this paragraph. Answering further Defendant Liarakos and Murphy state that Missy also growled, charged and attacked the Defendant Officers. The City lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in this paragraph.

21. Defendant-Officers shot Missy.

**ANSWER:** Defendants Liarakos and Murphy admit the allegations of this paragraph, but deny any wrongful or illegal conduct. The City lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in this paragraph.

22. Missy did not present a danger to the Defendant-Officers or any other individual.

**ANSWER:** Defendants Liarakos and Murphy deny the allegations of this paragraph. The City lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in this paragraph.

23. Defendant-Officers shot Missy approximately seven times.

**ANSWER:** Upon information and belief Defendants Liarakos and Murphy admit the allegations of this paragraph. The City lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in this paragraph.

24. Missy died from the gun-shot wounds.

**ANSWER:** Defendants Liarakos and Murphy admit the allegations of this paragraph, but deny any wrongful or illegal conduct. The City lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in this paragraph.

25. Each individual Defendant-Officer acted willfully, wantonly, maliciously, oppressively, and with a conscious disregard and deliberate indifference to Plaintiffs rights.

**ANSWER:** Defendants deny the allegations of this paragraph.

26. As a direct and proximate result of the acts of the Defendants described above, Plaintiff has suffered and continues to suffer damages including emotional distress, mental anguish and humiliation, and special damages including expenses for his dog.

**ANSWER:** Defendants deny the allegations of this paragraph.

## COUNT I
### (42 U.S.C. § 1983 -Unreasonable Seizure)

27. Plaintiff realleges paragraphs 1 through 26 as if fully set forth herein.

**ANSWER:** Defendants reassert their answers to paragraphs 1 through 26 as their answers to Paragraph 27, as if fully set forth herein.

28. Defendant-Officers shot Missy.

**ANSWER:** Defendants admit the allegations of this paragraph.

29. Defendant-Officers did not have any legal justification to seize Missy.

**ANSWER:** Defendants deny the allegations of this paragraph.

30. The actions of Defendant-Officers in seizing Missy without any legal justification violated the Fourth Amendment's prohibition of unreasonable seizures

**ANSWER:** Defendants deny the allegations of this paragraph.

WHEREFORE, Defendants respectfully request that this Court enter judgment in their favor as to Count I of Plaintiff's complaint, award Defendants such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## COUNT II
### (Humane Care for Animals Act)

31. Plaintiff realleges paragraphs 1 through 26 as if fully set forth herein.

**ANSWER:** Defendants reassert their answers to paragraphs 1 through 26 as their answers to Paragraph 27, as if fully set forth herein.

32. Plaintiff was the owner of Missy.

**ANSWER:**   Upon information and belief Defendants admit the allegations of this paragraph.

33.   Defendant-Officers shot Missy approximately seven times.

**ANSWER:**   Upon information and belief Defendants admit the allegations of this paragraph.

34.   Missy was not a danger to the Defendant-Officers or any other individual.

**ANSWER:**   Defendants deny the allegations of this paragraph.

35.   Missy died from the gun-shot wounds.

**ANSWER:**   Defendants admit the allegations of this paragraph.

36.   Defendant-Officers intentionally committed an act that caused Missy to suffer serious injury and death in violation of the Section 3.02 of the Humane Care for Animals Act (510 ILCS 70/1 et seq.) which prohibits Aggravated Cruelty to Animals.

**ANSWER:**   Defendants deny the allegations of this paragraph.

WHEREFORE, Defendants respectfully request that this Court enter judgment in their favor as to Count II of Plaintiff's complaint, award Defendants such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## COUNT III
### (State Law *Respondeat Superior* Claim)

37.   The acts of the Defendant-Officers described in the above state law claim were willful and wanton, and committed in the scope of employment.

**ANSWER:**   Defendants reassert their answers to paragraphs 1 through 26 as their answers to Paragraph 27, as if fully set forth herein.

38.   Pursuant to *respondeat superior*, Defendant CITY OF CHICAGO is liable for its agents' actions.

**ANSWER:** Defendants admit that the City of Chicago could be potentially liable for Defendant Officers actions under *respondeat superior* but deny that the Defendant Officers engaged in any wrongful or illegal conduct. The City denies that it is liable for any judgment.

WHEREFORE, Defendants respectfully request that this Court enter judgment in their favor as to Count III of Plaintiff's complaint, award Defendants such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## COUNT IV
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

39. The acts of the individual Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

**ANSWER:** Defendants deny the allegations of this paragraph.

40. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the actions of the Defendant-Officers.

**ANSWER:** Defendants admit under the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant City of Chicago could be held potentially liable for compensatory damages in this case but deny any wrongful or illegal conduct on the part of the Defendant Officers. The City denies that it is liable for any judgment.

WHEREFORE, Defendants respectfully request that this Court enter judgment in their favor as to Count IV of Plaintiff's complaint, award Defendants such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

1. Defendant Officers are entitled to qualified immunity. Defendant Officers are government officials, namely police officers, who performs discretionary functions. At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted the Defendant Officers could have believed their actions to be lawful, in light of clearly established law and the information that Defendant Officers possessed. Therefore, Defendant Officer is entitled to qualified immunity as a matter of law.

2. To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff had a duty to mitigate his claimed injuries or damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

3. To the extent Plaintiff has alleged any state law claims, Defendant Officers are not liable for injuries arising out of his exercise of discretionary acts. Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-201.

4. To the extent Plaintiff has alleged any state law claims, Plaintiff cannot establish willful or wanton conduct on the part of Defendant Officers and therefore they are immune from suit. Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-202.

5. To the extent Plaintiff has alleged any state law claims, Defendant Officers are not liable for any injury caused by the acts or omissions of another person. Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-204.

6. To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by any wrongful conduct on the part of the Plaintiff, any verdict or judgment obtained by Plaintiff based on any finding of "reckless" willful and wanton behavior, as opposed to "intentional" willful and wanton behavior, must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this case. *See* Poole v. City of Rolling Meadows, 167 Ill.2d 41, 656 N.E.2d 768, 212 Ill. Dec. 171 (Ill. 1995).

7. Plaintiff has not stated a claim under Illinois law in Count III, therefore this Count should be dismissed. There is no cause of action for "willful and wanton conduct." Sparks v. Starks, 367 Ill.App.3d 834, 838, 856 NE.2d 575, 578 (1st Dist. 2006).

8. The City is not liable to Plaintiff if its employees or agents are not liable to the Plaintiff. 745

ILCS 10/2-109.

9. The City is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204.

## JURY DEMAND

Defendants hereby demands a jury trial.

Respectfully submitted,

<i>Mary S. McDonald</i><br>MARY McDONALD<br>Assistant Corporation Counsel

30 N. LaSalle Street,
Suite 1400
Chicago, Illinois 60602
(312) 744-8307
(312) 744-6566 (Fax)
Atty. No. 06199995